### SADLER-LUSK TRADING COMPANY *v.* LOGAN.

#### Opinion delivered July 22, 1907.

CONTRACT—BREACH—DEFENSE.—Where defendant ·employed plaintiff to weigh all the cotton purchased by it during a certain cotton season,

it had no right to repudiate the contract on the ground that the sellers of cotton required that some other weigher than plaintiff should weigh their cotton before they would sell to defendant.

Appeal from Logan Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee sued appellant in justice's court, alleging in his complaint that appellant, acting for itself and associated with others, elected appellee their cotton weigher for the town of Booneville, Arkansas; that appellee was required to begin work whenever cotton was brought or sent to town for sale in the fall of 1905, and was to continue as such weigher until May 1, 1906; that appellant agreed to pay appellee 20 cents per bale to "weigh, mark and deliver to railroad platform in town of Booneville all cotton bought by appellant during the time mentioned;" that appellee in good faith entered upon the discharge of his duty as such weigher, and faithfully discharged the duties of such weigher; that shortly after entering upon his duties as such weigher appellant wilfully and without regard for its contract with appellee and without notice to him entered into and contracted with other parties in the establishing of and maintaining another cotton yard and weigher in said town of Booneville, neglecting and refusing to carry out the contract with appellee, and still continues to ignore its contract or to faithfully carry it out; that appellant refused and neglected to deliver to appellee 646 bales of cotton bought by appellant in the town of Booneville during the time aforesaid; that appellee was justly entitled to receive as per contract. The prayer was for the sum of $129.20.

There was a trial by jury and verdict and judgment for appellee in the sum of $129.20, and this appeal.

The facts are stated fairly and substantially by counsel for appellant as follows:

"It was proved that appellants are merchants and cotton buyers in the town of Booneville, Logan County, during the cotton season of 1905-6; that at a meeting of the cotton buyers in said town at which meeting R. A. Sadler, a member of appellant's firm, was present and participated, it was decided to employ a cotton weigher to weigh the cotton that season at

Booneville, and they solicited bids from various persons to weigh cotton, and appellee's bid was by them accepted, and appellee and those acting for the cotton buyers agreed that their contract should be written and signed, and that appellee should give two bonds to secure his faithful performance of the contract, one to the cotton buyers' association and one to the Bank of Booneville. The bonds were signed by appellee, but when the contract was presented to appellee he refused to sign it because he said the agreement was not properly stated therein, he claiming that he was to weigh all cotton bought by the merchants, while it was written in the contract and insisted by the merchants that he was to weigh all cotton offered to him to be weighed. Appellants sent him all the cotton they could to weigh. He was a competent weigher, and used correct scales, and the scales of the union people were not so good.

"It was also proved that, shortly after the selection of Logan as weigher, the Farmers' Union people established a cotton yard at Booneville and selected a man to do the weighing, and that a great many sellers refused to permit their cotton to be weighed elsewhere than at the union yard. That, prior to the establishing of the union yard, the Farmers' Union signified to the cotton buyers of Booneville that they intended to establish the yard and have their cotton weighed there, and, unless this desire was acceded to, and unless the buyers would pay as much for cotton weighed by them at the union yard as that weighed by Logan, they would take their cotton to other towns, and to prevent this loss and to induce the cotton to be brought to Booneville the buyers' association consented to buy their cotton on the union yard weights. That to have had it weighed the second time by Logan would have been impracticable and a useless expenditure of time, trouble and money, as they were compelled to pay for the cotton by the weights as ascertained at the union yards, and that both appellant and appellee knew at the time they entered into the agreement, if one was entered into, that the cotton was to be bought from the farmers who raised it, and that the weighing was necessary in order to make the purchase of the cotton."

It should be added that the testimony of the appellee showed that he bought stationery, had a wagon built especially for the

business, executed the bonds and entered upon the work of weighing, tagging, marking and delivering cotton, under the terms of the alleged contract.

*Robert J. White,* for appellant.

It is clear from the testimony that the contract written by Sadler expressed the true intention of all the parties, or, at any rate, of appellant and the other buyers, and that they never agreed to pay appellee for the weighing of *all* the cotton bought. Appellee having refused to sign the contract, the transaction was at an end, and thereafter he could receive pay only for the cotton he actually weighed. There was no agreement, expressed or implied, reached by the parties. 1 Beach, Mod. Law of Cont. § 1; L. R. 6 Q. B. 597; 25 Barb. 204. "If one of the parties intends to make a contract on one set of terms, and the other intends to make a contract on another set of terms, there is no contract." *Id.*; 3 H. & N. 484; 138 N. Y. 231. See also 39 Cal. 455; Comyn on Cont. 2. Where it is agreed, after arranging the terms of a proposed contract, that it shall be reduced to writing and signed by the parties, and afterwards some of the parties refuse to sign the writing on the ground that it includes matters not agreed on, the minds of the parties have not met, and the contract is not complete. 1 Beach on Cont. § 2; 42 Mo. 113; 30 S. W. 135; 86 S. W. 630.

Sadler was not the agent of appellant in writing the contract and bond, but of the cotton buyers' association and appellee. His authority was limited to writing a contract as agreed to by them, to procure appellee's signature and return the contract to the association for its approval. 1 Ark. 552; 10 Ark. 18; 28 Ark. 95; 21 Ark. 533.

If the contract were as contended for by appellee, it was without authority and void, since the seller alone would have the exclusive right to name the weigher of the cotton. A contract to do a thing which is legally impossible is void. 3 Am. & Eng. Enc. Law (1 Ed.), 897, and note 2; 1 Pinney (Wis.) 356; 25 Ark. 316; 1 Beach's Mod. Law. of Cont. § 224; *Id.* § 216; 9 C. B. 94; 9 Cyc. 630; 74 Am. Dec. 597; Bishop on Cont. § § 583, 549, 469-476.

*Carmichael, Brooks & Powers,* for appellee; *A. T. Barlow,* of counsel.

· 1. Where the transcript does not show that the bill of exceptions was filed and made a part of the record, the case must be affirmed.   35 Ark. 395.

2. Where the appellant fails to set out in his abstract the court's instructions in full, the presumption is that correct instructions were given curing those complained of, wherever they are curable.   78 Ark. 426; 79 Ark. 66; 78 Ark. 374; 79 Ark. 179.   Where also the material parts of the testimony are not set out in the abstract, the court will presume that the evidence sustained the verdict.   75 Ark. 571.   See also 73 Ark. 49; 76 Ark. 139; 66 Ark. 271; 76 Ark. 217; 75 Ark. 347; 70 Ark. 331.

Appellant's exceptions to instructions given, being in gross and not specific, are unavailing.   75 Ark. 183; 76 Ark. 42.

3. Where there is a conflict of testimony, this court will not disturb the verdict of the jury.   40 Ark. 168; 23 Ark. 208; *Id.* 32; 13 Ark. 474; *Id.* 285; 12 Ark. 43; 14 Ark. 350; 23 Ark. 482; 25 Ark. 89; 27 Ark. 517; 46 Ark. 524; 47 Ark. 196; 50 Ark. 511; 75 Ark. 112; 67 Ark. 531.

4. The jury's verdict under the evidence as to what the contract was is conclusive; but, aside from that, appellant is liable.   Appellee's bid was the offer, and his election was the acceptance, and the contract was complete so soon as appellee was elected.   29 L. R. A. 431; 144 N. Y. 209; 10 Bush, 632; 30 La. Ann. 316.

5. The contract being absolute, appellant can not plead impossibility of performance.   5 M. & W. 253; Anson on Cont. 423; 5 Ark. 140; 12 Ark. 664; 29 Ark. 323; 61 Ark. 312.

WOOD, J., (after stating the facts.)   Appellant reserves in its motion for new trial no specific objections to rulings of the court in the admission and rejection of testimony, so it must be held to have abandoned the exceptions taken to these at the hearing.   Appellant has not brought the instructions of the court into its abstract.   Therefore we must presume that all objections to these have been also abandoned, and that the court correctly declared the law applicable to the facts proved.   The cause then must be determined here upon the question of the

sufficiency of the evidence to support the verdict. There was evidence sufficient here to warrant the jury in finding:

1. That there was a contract between appellant and appellee by which appellee was to "weigh, tag, mark, keep, and deliver at the depot platform" all the cotton bought by appellant in the town of Booneville during the cotton season of 1905-06, *i. e.* from the time when cotton began to arrive in the fall (1905) until the 1st of May, 1906.

2. That this contract did not have to be reduced to writing to make it a completed contract. That the parties to it entered upon and performed for a time the obligations respectively required of them, and are therefore estopped from setting up the non-existence of the contract, or that it was invalid because not reduced to writing.

3. That appellant had no right to repudiate the contract on the ground that the sellers of cotton required that some other weigher than appellee weigh same before they would sell to appellant. Assuming, as we must do, that the jury was correctly instructed on these propositions, it follows that the judgment was right, and must be affirmed.